UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOHN CURRY,

                Plaintiff,

-against-

PAROLE OFFICE L. BLACK; A. RAMIREZ,

                Defendants.

24-CV-4603 (LTS)

ORDER DIRECTING PAYMENT OF FEE OR IFP APPLICATION

LAURA TAYLOR SWAIN, Chief United States District Judge:

    Plaintiff, who is proceeding *pro se*, brings this new civil action challenging his parole officer's determination that he violated his parole, which resulted in Plaintiff's being detained on Rikers Island. Plaintiff did not submit payment of the fees to initiate this action or seek to proceed *in forma pauperis* ("IFP"), that is, without prepayment of the fees. By order dated July 2, 2024, the Court directed Plaintiff to pay $405.00 in fees or ask that prepayment of the fees by waived, by filing an IFP application and prisoner authorization. The Clerk's Office mailed the order and the forms to Plaintiff at his Rikers Island address. Plaintiff did not submit payment or ask that prepayment of the fees be waived.

    On July 15, 2024, Plaintiff filed a change of address form, showing that he is no longer in custody and that he currently resides in the Bronx, New York.

    Accordingly, the Court directs Plaintiff to submit the attached IFP application or pay the fees, within 30 days of the date of this order.

## DISCUSSION

    To proceed with a civil action in this court, a plaintiff who is incarcerated must either pay $405.00 in fees – a $350.00 filing fee plus a $55.00 administrative fee – or file an IFP application

asking that prepayment of the $350.00 filing fee be waived.[1] If an IFP application is granted, the plaintiff must still pay the fees, which are deducted from the plaintiff's prison account.

Here, because Plaintiff is no longer in custody, "'there is no prison account from which to calculate and debit the required [installment] payments'" required under the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(b)(1). *Harris v. City of New York*, 607 F.3d 18, 22 (2d Cir. 2010) (quoting *McGann v. Commissioner*, 96 F.3d 28, 29-30 (2d Cir. 1996)).

> Thus, the PLRA's payment scheme cannot be extended beyond the moment of a prisoner's release, and [Section] 1915(b) must be read to require that once a prisoner is no longer incarcerated, either he pay the entire remaining amount of the filing fee or his obligation to pay fees is determined as it would be for any non-prisoner.

*Id.* (citing *McGann*, 96 F.3d at 30). As the PLRA's "payment regime . . . end[s] once a prisoner [is] released[,] . . . [r]equiring a just-released prisoner to pay the entire balance of the fee in a single payment is 'a result that would be more onerous than that imposed on those who remain incarcerated.'"[2] *Id.* (*McGann*, 96 F.3d at 30).

Accordingly, within 30 days of the date of this order, Plaintiff must either pay the $405.00 in fees to bring this action or file a completed and signed IFP application. A prisoner authorization is not required.

---

[1] Plaintiffs who proceed IFP are not required to pay the administrative fee of $55.00.

[2] While this provision of the PLRA no longer applies to Plaintiff due to his release, other provisions of the PLRA *do* apply, though he is no longer in custody, including the so-called "three strikes" provision delineated in 28 U.S.C. § 1915(g). *Harris*, 607 F.3d at 22 (holding that the "application of the PLRA's three strikes rule to released prisoners is fully consistent with the statutory scheme, and it does not impose upon them any burden more onerous than the burden on those still incarcerated"). Thus, if this action is dismissed on the grounds that it is frivolous, malicious, or fails to state a claim, Section 1915(g) will apply. *See Harris*, 607 F.2d at 22.

**CONCLUSION**

The Court directs Plaintiff, within 30 days, to complete, sign, and submit the attached IFP application, so the Court may consider Plaintiff's current ability to pay the fees; in the alternative, if Plaintiff can now afford the fees, he must pay the $405.00 in fees to bring this action.

If Plaintiff submits an amended IFP application, it should be labeled with docket number 24-CV-4603 (LTS). If the Court grants the IFP application, Plaintiff will be permitted to proceed without prepayment of fees. *See* 28 U.S.C. § 1915(a)(1). If Plaintiff fails to comply with this order, the action will be dismissed.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and, therefore, IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444–45 (1962) (holding that appellant demonstrates good faith when seeking review of a nonfrivolous issue).

SO ORDERED.

Dated:   August 28, 2024
         New York, New York

                                           /s/ Laura Taylor Swain
                                           LAURA TAYLOR SWAIN
                                           Chief United States District Judge