UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOHN CURRY,<br><br>                    Plaintiff,<br><br>          -against-<br><br>PAROLE OFFICER L. BLACK; A. RAMIREZ,<br><br>                    Defendants. | 24-CV-4603 (LTS)<br><br>ORDER TO AMEND |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who resides in the Bronx, New York, brings this action, *pro se*, under 42 U.S.C. § 1983, alleging that Defendants violated his rights during his parole violation proceedings. Plaintiff names as Defendants his parole officer, L. Black, and her supervisor, A. Ramirez, both of whom are employed in the Bronx. At the time Plaintiff filed this action, he was detained at Rikers Island. By letter dated July 15, 2024, Plaintiff informed the court that he had been released from custody. On October 9, 2024, Plaintiff filed an *in forma pauperis* application, and the Court granted the application on October 21, 2024.[1] For the following reasons, the Court grants Plaintiff 60 days, from the date of this order, to file an amended complaint.

**STANDARD OF REVIEW**

The Court must dismiss a complaint, or portion thereof, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*,

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(b)(1).

572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

## BACKGROUND

The following facts are drawn from the complaint. Plaintiff writes that, in June 2023, Officer Black "said I wasn't making my parole visits. I found out that P.O. Black put a fake warrant out for my arrest along with her supervisor." (ECF 1, at 4.) During a court proceeding, the presiding "judge lifted that warrant and cut me lose with revoke and restore." (*Id.*) The following year, however, on May 6, 2024, Defendants "picked me up . . . for the same violation." (*Id.*)

Plaintiff alleges that he "was never brought to my preliminary hearing . . . [but rather] was brought to my final hearing." (*Id.*) He asserts that "[t]hey are holding me against my will . . . [and that his] judge [from Kings County] never . . . sentenced me to Level I sex offender." (*Id.*) He indicates that his underlying criminal proceeding occurred in Kings County, New York, in either 1988 or 2005.

Plaintiff attaches to his complaint several documents arising from his parole proceedings, including: (1) an August 2, 2023 violation of release report, issued by the New York State Department of Corrections and Community Supervision ("DOCCS"), listing Plaintiff's parole revocation charges; (2) a January 1, 2024 supplementary violation of release report, issued by DOCCS, indicating that Plaintiff's final hearing of December 22, 2023, was adjourned to March 19, 2024; (3) a DOCCS May 7, 2024 memorandum indicating that Plaintiff's final parole revocation hearing was adjourned to May 9, 2024; (4) a May 9, 2024 DOCCS memorandum, indicating that the final hearing was adjourned to July 8, 2024; (5) Plaintiff's state writ of *habeas corpus*, indicating that on May 9, 2024, Plaintiff was indicted on the parole revocation charges;

and (6) a May 20, 2024 email from Plaintiff's lawyer, indicating that Plaintiff was in custody. (ECF 1-1, at 1-9, 25-28.) Plaintiff does not indicate when he was taken into custody, or the date he was released.

Plaintiff seeks money damages.

## DISCUSSION

The Court construes the complaint as asserting a claim under the due process clause of the Fourteenth Amendment because Plaintiff challenges the procedures followed by Defendants when moving to revoke his parole. In order to state a Section 1983 claim for the denial of procedural due process, a plaintiff must allege that he "possessed a liberty or property interest protected by the United States Constitution or federal statutes," and that his protected interest entitled him to process before being "deprived of that interest." *Green v. Bauvi*, 46 F.3d 189, 194 (2d Cir. 1995) (citing *Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 428 (1982)).

The revocation of parole implicates a protectable liberty interest. *See Morrissey v. Brewer*, 408 U.S. 471, 482 (1972) ("[T]he liberty of a parolee, although indeterminate, includes many of the core values of unqualified liberty and its termination inflicts a 'grievous loss' on the parolee and often on others . . . [T]he liberty is valuable and must be seen as within the protection of the Fourteenth Amendment."); *see also Suce v. Taylor*, 572 F. Supp. 2d 325, 334 (S.D.N.Y 2008) ("[T]he Due Process Clause of the Fourteenth Amendment applies to the revocation of parole.").

The Supreme Court in *Morrissey* outlined the procedures that due process requires in the parole revocation setting. A preliminary hearing must be conducted "at or reasonably near the place of the alleged parole violation or arrest and as promptly as convenient after arrest." *Id.* at 485. "The parolee should be given notice that the [preliminary] hearing will take place and that its purpose is to determine whether there is probable cause to believe he has committed a parole

violation. The notice should state what parole violations have been alleged." *Id.* at 487. "There must also be an opportunity for a [final parole revocation] hearing" conducted "within a reasonable time after the parolee is taken into custody." *Id.* at 488. The Supreme Court also articulated minimum requirements of due process for the final hearing.

Under New York law, the State Division of Parole generally must schedule a probable cause hearing within 15 days of the issuance of a parole warrant, *see* N.Y. Exec. Law § 259–i(3)(c)(i), and, if probable cause exists, convene a revocation hearing within 90 days of the probable cause hearing, *see id.* § 259–i(3)(f)(i). In some circumstances, "[i]f these requirements are not timely met, the parole warrant is rendered void, and the prisoner is entitled to be released." *McDay v. Travis*, 303 F. App'x 928, 929 (2d Cir. 2008) (relying on *Levy v. Dalsheim*, 48 N.Y.2d 1019 (1980)).

Here, Plaintiff alleges that his parole officer never scheduled a preliminary parole revocation hearing. The attachments to the complaint do show that several hearings were held before Plaintiff was detained, but it is unclear whether a probable cause hearing was held before his detention. The Court therefore grants Plaintiff leave to file an amended complaint as instructed below.

## LEAVE TO AMEND

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v.*

*USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because Plaintiff may be able to allege additional facts sufficient to state a valid due process claim, the Court grants Plaintiff 60 days' leave to amend his complaint to detail his claims.

In the "Statement of Claim" section of the amended complaint form, **Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant.** If Plaintiff has an address for any named defendant, Plaintiff must provide it. Plaintiff should include all of the information in the amended complaint that Plaintiff wants the Court to consider in deciding whether the amended complaint states a claim for relief. That information should include:

a) the names and titles of all relevant people;

b) a description of all relevant events, including what each defendant did or failed to do, the approximate date and time of each event, and the general location where each event occurred;

c) a description of the injuries Plaintiff suffered; and

d) the relief Plaintiff seeks, such as money damages, injunctive relief, or declaratory relief.

Essentially, Plaintiff's amended complaint should tell the Court: who violated his federally protected rights and how; when and where such violations occurred; and why Plaintiff is entitled to relief.

Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wants to include from the original complaint must be repeated in the amended complaint.

**REFERRAL TO THE CBJC SDNY FEDERAL PRO SE LEGAL ASSISTANCE PROJECT**

The City Bar Justice Center ("CBJC") operates the SDNY Federal Pro Se Legal Assistance Project to assist self-represented parties with civil cases in this court. Appointments can be scheduled by phone (212-382-4794), email (fedprosdny@nycbar.org), or by completing the CBJC's intake

form. The CBJC is a private organization that it not part of the court, and the CBJC's SDNY Federal

Pro Se Legal Assistance Project cannot accept filings on behalf of the court. A flyer is attached.

## CONCLUSION

Plaintiff is granted leave to file an amended complaint that complies with the standards

set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit

within sixty days of the date of this order, caption the document as an "Amended Complaint,"

and label the document with docket number 24-CV-4603 (LTS). An Amended Complaint form is

attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the

time allowed, and he cannot show good cause to excuse such failure, the complaint will be

dismissed for failure to state a claim upon which relief may be granted.

A CBJC flyer is attached to this order.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would

not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an

appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

Dated:    January 2, 2025
          New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

_____

_____
Write the full name of each plaintiff.

-against-

_____

_____

_____

_____
Write the full name of each defendant. If you need more space, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section II.

_____CV_____
(Include case number if one has been assigned)

## AMENDED

## COMPLAINT

Do you want a jury trial?
☐ Yes    ☐ No

---

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore _not_ contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include _only_: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

---

## I.    BASIS FOR JURISDICTION

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation, and the amount in controversy is more than $75,000, is a diversity case. In a diversity case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal-court jurisdiction in your case?

☐    **Federal Question**

☐    **Diversity of Citizenship**

### A.   If you checked Federal Question

Which of your federal constitutional or federal statutory rights have been violated?

_____

_____

_____

_____

### B.   If you checked Diversity of Citizenship

#### 1.   Citizenship of the parties

Of what State is each party a citizen?

The plaintiff , _____ , is a citizen of the State of
                        (Plaintiff's name)

_____
(State in which the person resides and intends to remain.)

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____ .

If more than one plaintiff is named in the complaint, attach additional pages providing information for each additional plaintiff.

If the defendant is an individual:

The defendant, _____, is a citizen of the State of
                      (Defendant's name)

_____

or, if not lawfully admitted for permanent residence in the United States, a citizen or
subject of the foreign state of

_____.

If the defendant is a corporation:

The defendant, _____, is incorporated under the laws of

the State of _____

and has its principal place of business in the State of _____

or is incorporated under the laws of (foreign state) _____

and has its principal place of business in _____.

If more than one defendant is named in the complaint, attach additional pages providing
information for each additional defendant.

## II.  PARTIES

### A.  Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional
pages if needed.

_____

First Name                Middle Initial        Last Name

_____

Street Address

_____

County, City                        State                Zip Code

_____

Telephone Number                    Email Address (if available)

## B.  Defendant Information

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. Attach additional pages if needed.

Defendant 1:

First Name                              Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City                              State                    Zip Code

Defendant 2:

First Name                              Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City                              State                    Zip Code

Defendant 3:

First Name                              Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City                              State                    Zip Code

Defendant 4: _____

                First Name                    Last Name

                Current Job Title (or other identifying information)

                Current Work Address (or other address where defendant may be served)

                County, City                  State             Zip Code

## III. STATEMENT OF CLAIM

Place(s) of occurrence: _____

Date(s) of occurrence: _____

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and what each defendant personally did or failed to do that harmed you. Attach additional pages if needed.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

## IV. RELIEF

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

_____

## V.  PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| | |
|---|---|
| Dated | Plaintiff's Signature |

| First Name | Middle Initial | Last Name |
|---|---|---|

Street Address

| County, City | State | Zip Code |
|---|---|---|

| Telephone Number | Email Address (if available) |
|---|---|

I have read the Pro Se (Nonprisoner) Consent to Receive Documents Electronically:

☐ Yes    ☐ No

If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.

# FEDERAL PRO SE LEGAL ASSISTANCE PROJECT
in the Southern District of New York (SDNY)



## ABOUT THE PROJECT

The Federal Pro Se Legal Assistance Project (Fed Pro) provides limited assistance to self-represented litigants (plaintiffs and defendants) with cases involving civil legal matters in the United States District Court for the Southern District of New York (SDNY).

## HOW TO SCHEDULE AN APPOINTMENT

To schedule an appointment for assistance with City Bar Justice Center's Fed Pro project, you must first complete our online Intake Form.



- Our online Intake Form is accessible via one of these methods:
  - Scan the QR code to the right.
  - Go to bit.ly/prosesdny
- Once on the City Bar Justice Center Federal Pro Se Legal Assistance page, scroll down to "**SDNY**" and then click "**APPLY FOR HELP**" to be taken to the Intake Form.
- When the Intake Form asks: "How can we help you", please select "**Federal Court Case**" from the drop-down menu. The Fed Pro SDNY office will receive your application ONLY if you select "federal court case." If you select anything else, you will need to re-complete your application.

Once you complete the form, someone will contact you, usually within five business days, to schedule an appointment. If you are not able to complete the Intake Form, please call **(212) 382-4794,** leave a detailed message, and wait for us to call you back, typically within five business days.

## HOW WE HELP

**While we cannot provide full representation,** we can assist litigants by providing limited-scope services such as:

 **Counseling** about potential federal claims prior to filing suit

 **Interpreting and explaining** federal law and procedure

 **Reviewing drafted pleadings** and correspondence with the Court

 Consulting on **discovery** matters

 Assisting with the **settlement** process (including **mediation**)