UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOHN CURRY, <br><br> Plaintiff, <br><br> -against- <br><br> PAROLE OFFICER L. BLACK; A. RAMIREZ, <br><br> Defendants. | 24-CV-4603 (LTS) <br><br> ORDER OF DISMISSAL <br> WITH LEAVE TO REPLEAD |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is proceeding *pro se* and *in forma pauperis* ("IFP"), filed this complaint under 42 U.S.C. § 1983 alleging that Defendants violated his rights. By order dated January 2, 2025, the Court directed Plaintiff to amend his complaint to address deficiencies in his original pleading. Plaintiff filed an amended complaint on February 3, 2025, and the Court has reviewed it. The action is dismissed for the reasons set forth below, with limited leave to amend.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

**BACKGROUND**

Plaintiff's original complaint suggested that Plaintiff sought to challenge the procedures followed by his parole officers when moving to revoke his parole. Plaintiff alleged that before his parole was revoked in June 2023, parole officers did not provide him with a preliminary hearing. The Court construed the complaint as asserting a due process claim under the Fourteenth Amendment and granted Plaintiff leave to allege facts suggesting that Defendants did not follow the required procedures when moving to revoke his parole. Plaintiff also alleged that in 2023, "the warrant squad and the police came to my sister house [in the Bronx, New York, and] [t]hey shoot me with a stun gun twice. They took me to Lincoln Hospital and had the prongs removed from me." [1] (ECF 1, at 5) (hereinafter, the "2023 law enforcement claim").

In the amended complaint, Plaintiff alleges facts suggesting that he seeks to challenge the requirement that he register as a sex offender (hereinafter, the "sex offender registration claim"). The following facts are drawn from the amended complaint and its attachments. In 1988, Plaintiff was convicted in Kings County Supreme Court of kidnapping and killing a three-year-old child. The Kings County trial judge sentenced Plaintiff to a term of 25 years' incarceration but did not classify the offenses as sex offenses. On June 27, 2017, "the Commissioner let me lose and said that I didn't have this case. The Commissioner said that my case was an accident." (ECF 1, at 5.) In 2021, "the court on the second floor had me sign[.] Lawyer and the judge had me sign some papers and if I didn't sign I will be going back to jail." (*Id.*) "The Clerk in the court told me that they can't do that." (*Id.*)

---

[1] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation are as in the original unless noted otherwise.

In the injury section of the amended complaint, Plaintiff states that, in October 2024, "parole came to my door and knock the door down and threw my sister Dolores down and then they shot me with a st[u]n gun and they [brought] me to Lincoln Hospital and my back has been hurting me ever since." (*Id.*) (hereinafter, the "2024 law enforcement claim").

In the relief section, Plaintiff states that "sex offender" was on his "record [from 1986 to 1988] [but] it was a accident I never got charge for it." (*Id.*)

## DISCUSSION

**A.    The Court dismisses Plaintiff's due process claim for failure to state a claim**

In its January 2, 2025 order to amend, the Court construed Plaintiff's complaint as asserting a due process claim under the Fourteenth Amendment because he appeared to be challenging Defendants' alleged failure, in 2023, to follow parole revocation procedures. Specifically, Plaintiff had asserted that Defendants failed to schedule a preliminary hearing to address his alleged violation of the terms of his release. In the amended complaint, Plaintiff does not assert this claim. Accordingly, because the amended complaint does not allege any facts demonstrating that Plaintiff was denied due process during his parole revocation proceedings in 2023, the Court dismisses Plaintiff's due process claim for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**B.    The Court dismisses Plaintiff's sex offender registration claim as beyond the scope of the permitted amendment**

To the extent Plaintiff seeks to challenge the requirement that he register as a sex offender, the Court dismisses this new claim as beyond the scope of the permitted amendment. *See Palm Beach Strategic Income, LP v. Salzman*, 457 F. App'x 40, 43 (2d Cir. 2012) ("District courts in this Circuit have routinely dismissed claims in amended complaints where the court granted leave to amend for a limited purpose and the plaintiff filed an amended complaint

3

exceeding the scope of the permission granted."); *Grimes v. Fremont Gen. Corp.*, 933 F. Supp. 2d 584, 597 (S.D.N.Y. 2013) (collecting cases). The Court dismisses this claim without prejudice to Plaintiff's reasserting the claim in a new civil action.

**C.    The Court dismisses Plaintiff's 2023 and 2024 law enforcement claims for failure to state a claim**

Finally, Plaintiff asserts that, during two separate incidents, one in 2023 and the second in 2024, law enforcement used force against him. He does not plead any facts, however, suggesting that any defendant violated his rights during these two interactions. Indeed, neither complaint suggests that the named defendants were involved in either incident. Accordingly, the Court dismisses the 2023 and 2024 law enforcement claims for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B)(ii), without prejudice, as discussed below.

**D.    The Court grants Plaintiff limited leave to amend**

District courts generally grant a *pro se* plaintiff leave to amend a complaint to cure its defects, but leave to amend may be denied if the plaintiff has already been given an opportunity to amend but has failed to cure the complaint's deficiencies. *See Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). The Court declines to grant Plaintiff another opportunity to amend his due process claim; the Court granted him an opportunity to amend this claim, and he declined to do so.

With respect to Plaintiff's 2023 law enforcement claim, because the Court did not expressly grant Plaintiff leave to amend this claim in the Court's order to amend, the Court grants Plaintiff limited leave to file a second amended complaint to state facts in support of his 2023 law enforcement claim. The Court declines to grant Plaintiff leave to amend his 2024 law enforcement claim, however, because the claim does not appear related to the 2023 law enforcement claim, as required under Rule 20(a)(2) of the Federal Rules of Civil Procedure. *See*

4

Fed. R. Civ. P. 20(a)(2) ("Persons . . . may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action."); *see, e.g.*, *Peterson v. Regina*, 935 F. Supp. 2d 628, 638 (S.D.N.Y. 2013) ("Case law makes clear that '[i]n the absence of a connection between Defendants' alleged misconduct, the mere allegation that Plaintiff was injured by all Defendants is not sufficient [by itself] to join unrelated parties as defendants in the same lawsuit pursuant to Rule 20(a).'" (quoting *Deskovic v. City of Peekskill*, 673 F. Supp. 2d 154, 167 (S.D.N.Y. 2009) (alterations in original)).

Because the pleadings do not suggest that the 2023 and 2024 law enforcement claims are related, the Court declines to grant Plaintiff leave to amend the 2024 law enforcement claim. Should Plaintiff wish to pursue this claim, he may file a new civil action asserting this claim.

## CONCLUSION

Plaintiff's amended complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). The Court dismisses Plaintiff's sex offender registration claim without prejudice to Plaintiff's reasserting the claim in a new civil action.

The Court grants Plaintiff 30 days leave to reassert the 2023 law enforcement claim in a second amended complaint. If Plaintiff does not file a second amended complaint within 30 days of the date of this order, the Court will direct the Clerk of Court to enter judgment.

Should Plaintiff wish to pursue the 2024 law enforcement claim, he may file a new civil action asserting this claim.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to hold this action open on the docket until civil judgment is entered.

SO ORDERED.

Dated:   July 2, 2025
         New York, New York

                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                        Chief United States District Judge