USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/8/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------X
                                                          :
JOHN CURRY,                                               :
                                                          :
                                    Plaintiff,            :              1:24-cv-4603-GHW
                                                          :
                        -against-                         :              ORDER
                                                          :
JOHN THEOS, *et al.*,                                     :
                                                          :
                                    Defendants.  :
---------------------------------------------------------------------X

GREGORY H. WOODS, United States District Judge:

On June 10, 2024, Plaintiff, proceeding *pro se*, filed the first complaint in this matter.  Dkt. No. 1.  On February 3, 2026, with leave of court, Plaintiff filed an amended complaint.  Dkt. Nos. 10-11.  On July 2, 2025, the amended complaint was dismissed with leave to replead.  Dkt. No. 12.  Plaintiff filed a second amended complaint on July 22, 2025.  Dkt. No. 13.

This case was reassigned to me on July 31, 2025.  On November 12, 2025, the Court held a conference regarding Defendants John Theos, Odani Acevedo, and Thomas Accommando's anticipated motion to dismiss.  *See* Dkt. Nos. 26, 27.  Defendants appeared at the conference through counsel, but Plaintiff did not appear.  Dkt. No. 28.  The Court scheduled another conference for December 1, 2025.  *Id.*  Plaintiff appeared at that conference in person.  At the conference, the Court granted Defendants' request for leave to file a motion to dismiss.  The Court also set a briefing schedule and stayed discovery pending resolution of Defendants' motion to dismiss.  Following the conference, the Court issued an order describing those rulings.  Dkt. No. 29 (the "Order").

Plaintiff now seeks to appeal the Order.  He filed a notice of appeal from the Order on January 5, 2026.  Dkt. No. 30.  The same day, Plaintiff filed a one-page motion for an extension of time to file a notice of appeal under Federal Rule of Appellate Procedure ("FRAP") 4(a)(5).  Dkt.

No. 31.

FRAP 4(a)(5) is not applicable here because that provision allows a district court to extend the 30-day deadline for filing a notice of appeal described in FRAP 4(a)(1). Fed. R. App. P. 4(a)(1), 4(a)(5). However, the 30-day deadline governs appeals that are "permitted by law as of right[.]" *See* Fed. R. App. P. 3(a)(1), 4(a)(1). This is not an appeal that is permitted as of right. "With limited exceptions not relevant in this case, the jurisdiction of federal courts of appeals is limited to appeals from final decisions of the district courts." *U.S. v. Rodgers*, 101 F.3d 247, 251 (2d Cir. 1996) (citing 28 U.S.C. § 1291). "Final decisions are those that end the litigation on the merits, leaving nothing for the court to do but execute the judgment." *Id.* The Order granted Defendants leave to file a motion to dismiss; it did not "end the litigation on the merits," and it is not a "final decision" from which an appeal may be taken. *Id.*; *see also, e.g.*, *In re Terrorist Attacks on September 11, 2001*, 117 F.4th 13, 20 (2d Cir. 2024) (noting that denial of a motion to dismiss is not ordinarily appealable as a "final decision" under § 1291).

Because Plaintiff is a *pro se* litigant, the Court must liberally construe his submissions and interpret them "to raise the strongest arguments that they *suggest*." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (quoting *Pabon v. Wright*, 459 F.3d 241, 248 (2d Cir. 2006)). Accordingly, the Court interprets Plaintiff's request for an extension of time to file a notice of appeal as an application for an interlocutory appeal under 28 U.S.C. § 1292(b). *See Masri v. Liebowitz*, No. 1:24-CV-1284, 2024 WL 3606233, at *2-3 (S.D.N.Y. July 29, 2024) (construing *pro se* litigant's notice of appeal as application to appeal under § 1292(b)).

Certification pursuant to 28 U.S.C. § 1292(b) is warranted only if (1) "[the] order involves a controlling question of law," (2) "as to which there is substantial ground for difference of opinion," and (3) "an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). Section 1292(b) certification is thus "a rare exception to the final

2

judgment rule" that "is reserved for those cases where an intermediate appeal may avoid protracted litigation." *Koehler v. Bank of Bermuda Ltd.*, 101 F.3d 863, 865–66 (2d Cir. 1996); *see also In re Facebook, Inc., IPO Secs. & Derivative Litig.*, 986 F. Supp. 2d 524, 533 (S.D.N.Y. 2014) ("Interlocutory review [under § 1292(b)] is strictly reserved for exceptional cases and is especially rare in the early stages of litigation.").

Moreover, even if the three criteria are met, the court retains discretion to determine whether leave to appeal is warranted. *See Gibson v. Kassover,* 343 F.3d 91, 94 (2d Cir. 2003). Leave to appeal an interlocutory order should be granted "only in exceptional circumstances that overcome the general aversion to piecemeal litigation and justify departing from the basic policy of postponing appellate review until after the entry of a final judgment." *Picard v. Estate of Madoff*, 464 B.R. 578, 582–83 (S.D.N.Y. 2011) (citing *In re Bernard L. Madoff Investment Sec. LLC*, No. 11-mc0012, 2011 WL 3897970, at *3 (S.D.N.Y. Aug. 31, 2011) (internal punctuation marks omitted)). Accordingly, district courts must "exercise great care in" choosing to grant a party leave to file an interlocutory appeal. *In re Facebook,* 986 F. Supp. 2d at 530 (citing *Westwood Pharm., Inc. v. Nat'l Fuel Gas Distribution Corp.*, 964 F.2d 85, 89 (2d Cir. 1992)).

The Order which Plaintiff seeks to appeal granted Defendants' request for leave to file a motion to dismiss, set a briefing schedule, and stayed discovery pending resolution of that briefing. Dkt. No. 29. This is not an order that "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation[.]" 28 U.S.C. § 1292(b). Accordingly, Plaintiff's application to appeal under § 1292(b) is denied. *See Masri*, 2024 WL 3606233, at *2.

Additionally, the Court is in receipt of Plaintiff's letter dated January 4, 2026. Dkt. No. 34. Plaintiff states that he seeks to "appeal [the Court's] ruling of January 2, 2025, which dismissed [his] claims[.]" *Id.* However, the Order merely set a briefing schedule for Defendants' anticipated

3

motion to dismiss.  Dkt. No. 29.  If Defendants file such a motion, Plaintiff will have the opportunity to respond pursuant to the briefing schedule set forth in the Order.  *See id.*

Plaintiff's notice of appeal, Dkt. No. 31, does not divest the Court of jurisdiction over this action.  *See* 28 U.S.C. § 1292(b) ("application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order"); *see also Rodgers*, 101 F.3d at 252 (notice of appeal from non-final order did not divest district court of jurisdiction).  The briefing schedule set forth in the Order remains in full force and effect.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from the Order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal.  *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).  The Clerk of Court is directed to terminate the motion pending at Dkt. No. 31, and to mail a copy of this order to Plaintiff by certified mail.

SO ORDERED.

Dated:  January 8, 2026
    New York, New York

_____
GREGORY H. WOODS
United States District Judge

4