USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _______________
DATE FILED: 11/23/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOHN CURRY,

Plaintiff,

-v-

JOHN THEOS, *et al.*,

Defendants.

1:24-cv-4603-GHW

ORDER

GREGORY H. WOODS, United States District Judge:

On October 13, 2026, the Court granted Defendants' motion to dismiss. Dkt. No. 61. The Court dismissed Plaintiff's Section 1983 claims premised on the alleged warrantless entry and use of excessive force with prejudice and without leave to amend and dismissed his state law claims without prejudice. The Court's memorandum opinion and order was mailed to Plaintiff on October 14, 2026. On November 19, 2026, Plaintiff filed a request for an extension of time to file a notice of appeal. Dkt. No. 63. That request is denied.

In a civil case, a plaintiff ordinarily has thirty days from the entry of the judgment or order appealed from to file a notice of appeal. Fed. R. App. P. ("FRAP") 4(a)(1)(A). The Court may extend the time to file a notice of appeal if the following conditions are satisfied:

> (i) a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and
>
> (ii) regardless of whether its motion is filed before or during the 30 days after the time prescribed by this Rule 4(a) expires, that party shows excusable neglect or good cause.

FRAP 4(a)(5)(A). As the words of the rule indicate, the burden is on the movant—here, Plaintiff—to "show[] excusable neglect or good cause" to warrant an extension of the time to appeal. *Id.* Plaintiff has failed to do so here.

The deadline for Plaintiff to file a notice of appeal was November 12, 2026, thirty days after entry of the Court's order. Plaintiff filed his motion for an extension of time on November 19,

2026, seven days after the deadline expired. Plaintiff's handwritten explanation for his failure to file a timely notice of appeal appears to state, "I was at doubt, doctor on 10/13/26." Dkt. No. 63. Construing the request in the light most favorable to the *pro se* Plaintiff, as it must, the Court does not find good cause for Plaintiff's delay in filing this request. *Nielsen v. Rabin*, 746 F.3d 58, 63 (2d Cir. 2014). To the extent Plaintiff asserts that he was confused about the Court's order, he does not explain how that confusion prevented him from filing a timely notice of appeal. Nor does he explain how a visit to the doctor on October 13, 2026, prevented him from filing a notice of appeal during the ensuing thirty days. Therefore, Plaintiff's request for an extension of time to file a notice of appeal is denied.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

The Clerk of Court is directed to terminate the motion pending at Dkt. No. 63 and to mail a copy of this order to Plaintiff.

SO ORDERED.

Dated: November 23, 2026
New York, New York

GREGORY H. WOODS
United States District Judge